IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OUL located at Urbanización Lomas de Carolina, Montemembrillo, G-2, Carolina, Puerto Rico, et al.,<br><br>Defendants. | CIVIL No. 06-1938 (JAG) |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On September 20, 2006, plaintiff, the United States of America, filed a complaint and obtained warrants of arrest *in rem* against certain real estate and personal properties which pertained to José Luis López Rosario a/k/a "Coquito" ("López Rosario") claiming these properties were proceeds traceable to money laundering and to the exchange of controlled substances, and as such, subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(A) and 985.[1]  (Docket No. 3).

On November 7, 2006, upon knowledge of the arrest *in rem* of these properties, claimants Milagros Alvarez Concepción ("Alvarez Concepción"), minors Milianed López Alvarez and José Luis López Alvarez filed an answer to the complaint.  Thereafter, Jeanelly Chiclana Barros ("Chiclana Barros"), minor Lizdanelly López Chiclana and Paulina Rosario Cruz ("Rosario Cruz") also filed individual answers.  These claimants represent either the estate

---

[1] Violations were alleged to Title 18, United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841 and 846.

and/or the mandatory heirs and/or the co-owners of the properties which pertained to López Rosario. These claimants assert being innocent heirs and/or having lack of knowledge of the alleged drug trafficking and money laundering activities attributed in the complaint to López Rosario, whose demise on July 28, 2006 without any federal criminal convictions having been obtained,[2] was prior to the filing of the forfeiture claim.[3]

On December 21-22, 2006, the United States filed motions to strike claims with attached affidavit (Docket Nos. 60, 61, 62). Claimants then filed their oppositions with corresponding memoranda (Docket Nos. 63, 64). These motions were referred to this Magistrate Judge for report and recommendation. (Docket Nos. 67-68).

## II. DISCUSSION

### A. General Standard for Forfeiture.

In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property the burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. The government may use evidence gathered after the filing of a complaint for forfeiture to establish its burden; and if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish

---

[2] The affidavit attached to the forfeiture complaint states López Rosario was already deceased and together with his wife and herein claimant Chiclana Barros were engaged in the business known as Blin Blin Music, Inc., which was used to facilitate the alleged violations of federal law.

[3] State charges which had been filed against López Rosario had been dismissed.

United States v. OUL located at Urb. Lomas de Carolina
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 3

there was a substantial connection between the property and the offense. The government no longer must plea facts sufficient to establish probable cause to forfeit; it need only satisfy Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. See 18 U.S.C. § 983(a)(3)(A). To carry its burden in a civil forfeiture action, the government must satisfy the requirements of both the applicable forfeiture statute and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").

The federal forfeiture statute defines rules as to who may intervene and when they must do it. By virtue of the roots of *in rem* jurisdiction in admiralty law, the procedures for intervention in civil forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* Title 18, United States Code, Section 981(b)(2) (1994) (amended 2000); United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990).

**B.    CAFRA[4] and standing.**

Under CAFRA, as amended, which applies to civil forfeiture cases like this one which were commenced on or after August 23, 2000, the government's burden of proof at trial from mere probable cause (the old standard) to the preponderance of the evidence was increased. *See* 18 U.S.C. § 983(c)(1). The CAFRA makes clear that the pleading requirements imposed by cases such as U. S. v. One Lot of U.S. Currency ($36,634), 103 F.3d 1048 (1st Cir. 1997) no longer apply. However, it is appropriate to rely upon forfeiture case law decided before the enactment of CAFRA even though those cases applied the less-burdensome probable cause

---

[4] Title 21, United States Code Annotated, Section 881(a)(6).

standard, "[f]actors that weighed in favor of forfeiture in the past continue to do so now-with the obvious caveat that the government must show more or stronger evidence establishing a link between forfeited property and illegal activity." *See* United States v. Funds in Amount of $30,670.00, 403 F.3d 448, 469 (7th Cir. 2005).

Even if the government satisfies the requirements of §§ 881(a)(7) and 983, it does not necessarily follow that the forfeiture is warranted. Section 983(d) contains an innocent owner defense which provides, in relevant part:

> (1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
> (2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who-
> > (I) did not know of the conduct giving rise to forfeiture ...."[5]

However, before such a defense may be raised, claimants must be able to establish standing. Standing is a threshold consideration in all cases, including civil forfeiture cases. *See* United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999); *see also* McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003). Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is effectively the defendant in said case. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene. Generally, an intervenor must have independent standing if the intervenor would be the only party litigating a case. *See* Arizonans for Official English v. Arizona, 520 U.S. 43, 64-65, 117

---

[5] Prior to its amendment in 2000, Section 881(a)(7) contained its own innocent owner defense.

S.Ct. 1055 (1997); Mangual v. Rotger-Sabat, 317 F.3d 45, 61 & n. 5 (1st Cir. 2003).  *See also* U.S. v. One-Sixth Share Of James J. Bulger In All Present And Future Proceeds Of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36 (1st Cir. 2003).

**C. Application to this Case.**

The United States submits the claimants in this case should not be allowed to submit their respective claims for different reasons. We now discuss each claimant's situation.

**1.    Claimant Rosario Cruz**:

Claimant Rosario Cruz, mother of the deceased López Rosario, avers having received property as a gift from her son.  The United States argues Rosario Cruz has failed to file a claim as required by law because such a claim should identify the specific property being claimed, state the claimant's interest in such property and be made under oath, subject to penalty of perjury.

A person claiming an interest in property to be forfeited submits its claim under the Supplemental Rule for Certain Admiralty and Maritime Claims, Rule C(6)(a) by filing a verified statement identifying the interest or right.  Such claimant must refute the government's *prima facie* case either by demonstrating that the property was not in fact used for the specified illegal activity, or by proving the claimant did not know about or consent to the illicit activity; the second of these avenues is commonly called the innocent owner's defense. For purposes of the innocent owner defense, claimant's lack of knowledge is considered as of the time of the original owner's illegal acts.

United States v. OUL located at Urb. Lomas de Carolina
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 6

It is the government's contention claimant Rosario Cruz failed to meet the requisites of said rule by merely making a recitation of the rule without additional information.[6]

A review of claimant Rosario Cruz' opposition shows she identified the property for which she is filing a claim, namely, an Olympian Generator, Model GEP 11 SP-2, Serial Number PXTO2749. (Docket No. 42). Rosario Cruz raises the innocent owner's defense by indicating she is the owner, having no knowledge of any illegal activities, and having received it as a gift from her deceased son López Rosario. Rosario Cruz' claim is under oath, and she filed a verified claim and an answer to the complaint, which we consider meets the requirements under Rule C (6)(a). [7]

In view of the foregoing, we find claimant Rosario Cruz has properly filed her claim as required by law. Accordingly, the government's motion to strike Rosario Cruz' claims is without merit.

**2.    Claimants Minor Heirs.**

Alvarez Concepción representing minors Milianed López Alvarez and Luis López Alvarez and Chiclana Barros representing minor Lizdanelly López Chiclana are claimants with an interest in the properties to be forfeited as the inheritance from their deceased father López Rosario.

---

[6] The government submits under the rationale of U.S. v. $104,674.00, 17 F.3d 267 (8th Cir. 1994) claimant Rosario Cruz' claim is a general attempt which does not comply with Rule C(6). (Docket No. 61).

[7] Rosario Cruz also avers that, if inadvertently there is something missing in her claim, such technical non-compliance should be excused.

United States v. OUL located at Urb. Lomas de Carolina
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 7

The United States claims these minors have no standing or interest in the instance case because the properties acquired by López Rosario, which were allegedly obtained while involved in drug trafficking, cannot be inherited. (Docket No. 60). Under the relation back doctrine, the government avers the heirs cannot claim an interest over property which represents proceeds of a crime.

The government submits the case of U.S. v. 42.5 Acres, 834 F.Supp. 912 (S.D. Miss. l992) provides that the relation back doctrine would hinder heirs of decedent to have an interest in defendant's property since, upon the commission of criminal acts and thereafter upon defendant's death, said defendant had no longer an interest to transfer.

Federal forfeiture statutes must be narrowly construed because of their potentially draconian effect. *See* Barbara J. Van Arsdale, J.D., *Validity, Construction, and Application of Civil Asset Forfeiture Reform Act of 2000 (CAFRA)*, 195 A.L.R. Fed. 349 (2004). Furthermore, the government's submission of the relate back doctrine to the time of commission of the offense, cannot be so easily ascertained at this initial stage as grounds for its entitlement to forfeit denying claimants' right to contest its allegations. Relying on United States v. Parcel of Land, Buildings, Appurtenances and Improvements, Known as 92 Buena Vista Avenue, Rumson New Jersey, 507 U.S. 111, 113 S.Ct. 1126 (1993) in construing the civil forfeiture statutes as they then existed, a plurality of the Supreme Court stated that the government's title was not perfected until forfeiture was decreed, and it then related back to the time of the crime. *See id.* at 126-27, 113 S.Ct. 1126.

Under common-law "relation back rule," until the government wins judgment of forfeiture, someone else owns property subject to forfeiture; that person may therefore invoke any defense available to the owner of the property before forfeiture is decreed. When Congress enacted the innocent owner defense to forfeiture provisions of Comprehensive Drug Abuse Prevention and Control Act of 1970, it then specifically inserted the relation back provision into the statute, it did not disturb common-law rights of either owners of forfeitable property or government. *See* Buena Vista, 507 U.S. at 111.

In view of the above, until the government in this case wins judgment of forfeiture, the minors heirs of López Rosario may invoke any defense available before forfeiture is decreed. Accordingly, the government's motion to strike the claims of the minor heirs is without merit.

**3.     Claimant Chiclana Barros**.

Claimant Chiclana Barros, widow of López Rosario, also filed a verified complaint although she did not specifically indicate which property now subject to forfeiture she owns.

The United States seeks to strike claimant Chiclana Barros' claim because her answer falls short of the requirement of Rule C(6)(a) by failing to state and identify her interest or right. As such, the United States avers that Chiclana Barros' claim is non specific and should be considered as a late filing or not having been filed at all. Thus, the United States requests entry of default judgment in favor of the United States.

Property rights are encompassed under applicable state law, when not in opposition with clear federal provisions. The claimant must prove by a preponderance of the evidence that

United States v. OUL located at Urb. Lomas de Carolina
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 9

he/she has a legal interest in the property in accordance with state property law. *See* U.S. v. 2001 Honda Accord EX VIN #1HGCG22561A035829, 245 F. Supp. 2d 602 (M.D. Pa. 2003), (for purposes of establishing the innocent owner defense to a civil forfeiture action under CAFRA, 18 U.S.C.A. § 983(d), the claimant must prove by a preponderance of the evidence that he/she has a legal interest in the property in accordance with state property law).

To establish standing in civil forfeiture proceeding, the claimant must demonstrate some ownership or possessory interest in the property at issue. 18 U.S.C.A. § 1963; U.S. v. Agnello, 344 F. Supp. 2d 360 (E.D. N.Y. 2004). Property interest less than ownership, *e.g.* possessory interest, is sufficient to create standing to contest federal civil forfeiture proceeding. U.S. v. One 2001 Cadillac Deville Sedan, 335 F. Supp. 2d 769 (E.D. Mich. 2004). Still, in U.S. v. 8 Curtis Avenue, Middleton, MA, 2003 WL 470579 (D. Mass. 2003), the court found that a plain reading of the statute suggests that Congress did intend to allow the enforcement of forfeiture rights against the interest of a person holding property as a tenant by the entirety even where the other holder is an innocent purchaser. State law determines whether claimants have a property interest in property subject to criminal forfeiture, but federal law determines whether or not that interest can be forfeited. U.S. v. Hooper, 229 F.3d 818 (9th Cir. 2000).[8]

Furthermore, in U.S. v. Real Property in Section 9, Town 29 North, Range 1 West Tp. of Charlton, Otsego County, Mich., 241 F.3d 796, 2001 FED App. 0055P (6th Cir. 2001), the

---

[8] Clarifying that discussion regarding lack of standing held no dispute that claimants had Article III standing to file their petitions and challenge the forfeitures on their asserted grounds but rather another way of stating that therein claimants had failed to establish on the merits a property interest entitling them to relief. *See* United States v. $9,041,598.68, 163 F.3d 238, 245 (5th Cir.1998); *see* Hooper, 229 F.3d at 818.

United States v. OUL located at Urb. Lomas de Carolina
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 10

court found that CAFRA was a remedial legislation which raised the government's burden of proof in civil forfeiture actions to level the playing field between the government and claimants, and was specifically designed to remedy an inequity about which the claimants complained throughout the proceeding at issue.

Additionally, late filing of a verified claim may be excusable at the discretion of a court, even upon the government request for default. Mitigating factors, which can excuse a late filing under CAFRA, include: 1) a good faith attempt to file on time; 2) detrimental reliance on government misinformation; and 3) the expenditure of considerable time and resources preparing for trial. *See* U.S. v. $1,437.00 U.S. Currency, 242 F. Supp. 2d 193 (W.D. N.Y. 2002) (holding the claimant's counsel failed to establish excusable neglect for failing to meet the time requirements for filing the answer and verified claim. In the instant case, the court granted claimants request for extension of time to file their verified complaint). (Docket Nos. 43, 44).[9]

A review of the record shows that Chiclana Barros did not specifically indicate which property now subject to forfeiture she owns, as argued by the United States. Nonetheless, this omission is not fatal to her claim because Chiclana Barros was married to López Rosario and, there existed a conjugal partnership thereunder. Accordingly, Chiclana Barros is the co-owner of the real estate properties described in the complaint as pertaining to López Rosario, as well as a Bombardier Sea-Doo and corresponding trailers.

As such, the striking of the Chiclana Barros' claims is not warranted.

---

[9] U.S. v. $125,938.62, 370 F.3d 1325 (11th Cir. 2004) (holding decision to disallow, as untimely filed, claimants' second amended verified claim in civil forfeiture proceedings was abuse of district court's discretion).

## III. CONCLUSION

In accordance with above discussed, we find that all above claimants have standing to raise their claims and, as such, it is recommended that the government's request to strike claims and verified complaints be DENIED.

However, we note that our recommendation is limited to the above discussed and it **only** gives the above claimants the right to contest whether the properties of López Rosario are properly subject to forfeiture or not. No recommendation is being made on the merits of the above claimants' interests in the properties of López Rosario for which the government is seeking forfeiture. Claimants will now have to establish, during the future course of the judicial proceedings, the correctness of their assertions (that the properties are not subject to forfeiture) and their respective property interests in order to eventually prevail on the merits.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

<u>United States v. OUL located at Urb. Lomas de Carolina</u>
Civil No. 06-1938 (JAG)
Report and Recommendation
Page No. 12

In San Juan, Puerto Rico, this 11th day of April of 2007.

                                          s/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L.  VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE